# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | | |
|---|---|---|
| Christopher Cathey, | ) | Civil Action No.  3:13-343-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER TO COMPLAINT OF** |
| Account Control Technology, Inc.; and | ) | **DEFENDANT ACCOUNT CONTROL** |
| DOES 1-10, inclusive, | ) | **TECHNOLOGY, INC.** |
| | ) | |
| Defendants. | | |

Defendant, Account Control Technology, Inc. (hereinafter "ACT"), hereby answers and responds to the Complaint of Plaintiff Christopher Cathey as follows:

Each and every allegation of the Complaint not specifically admitted herein is denied and strict proof thereof is demanded.

## IN RESPONSE TO JURISDICTIONAL ALLEGATIONS

1.     As to the allegations of Paragraph 1 of the Complaint, ACT admits only that Plaintiff purports to assert certain causes of action and allegations in this lawsuit regarding damages Plaintiff allegedly sustained as a result of ACT's efforts to collect a debt owed by the Plaintiff.  Except as specifically admitted, ACT denies the allegations of Paragraph 1 of the Complaint.

2.     The allegations of Paragraph 2 of the Complaint constitute legal conclusions to which ACT is neither required to admit nor deny.  To the extent a response is required, ACT denies liability to Plaintiff for any federal or state cause of action asserted, but does not dispute the jurisdiction of this Court.

3.      The allegations of Paragraph 3 of the Complaint constitute legal conclusions to which ACT is neither required to admit nor deny.  To the extent a response is required, ACT denies liability to Plaintiff and denies any allegation or inference that it engaged in activities that give rise to any cause of action, but does not dispute the propriety of venue.

## PARTIES

4.      As to the allegations of Paragraph 4 of the Complaint, ACT is without knowledge or information sufficient to form a belief as to the allegations concerning Plaintiff's residence and therefore, denies the same and demands strict proof thereof.  The remaining allegations of Paragraph 4 constitute conclusions of law to which ACT is neither required to admit nor deny.

5.      As to the allegations of Paragraph 5 of the Complaint, ACT admits only that its principal office is located at the referenced address.  ACT objects to the characterization of its operations as a "collection agency".  The remaining allegations of Paragraph 5 constitute conclusions of law to which ACT is neither required to admit nor deny.

6.      As to the allegations of Paragraph 6 of the Complaint, ACT asserts that it trains its employees on proper industry practices, denies any allegation or implication of wrongdoing by its employees in the scope of their employment, denies that any of its employees should be joined to this action and denies all remaining allegations of said Paragraph.

7.      ACT is without knowledge or information sufficient to form a belief as to the vague allegations of Paragraph 7 of the Complaint and therefore, denies the same and demands strict proof thereof.

## ALLEGATIONS

8.      ACT admits, upon information and belief, the allegations of Paragraph 8 of the Complaint.

9.    The allegations of Paragraph 9 of the Complaint constitute conclusions of law to which ACT is neither required to admit nor deny.

10.    ACT denies the allegations of Paragraph 10 of the Complaint.

11.    As to the allegations of Paragraph 11 of the Complaint, ACT admits only that it made attempts to collect payment on referenced debt through legitimate means.  The remaining allegations of Paragraph 11 constitute conclusions of law to which ACT is neither required to admit nor deny.

12.    ACT denies the allegations of Paragraph 12 of the Complaint and specifically denies any allegation or inference that it had knowledge or notice that the telephone number provided to ACT by Plaintiff for purpose of contact was a number connected to a cellular telephone or business.

13.    As to the allegations of Paragraph 13 of the Complaint, ACT admits only that it appropriately employed the use of an automated system, objects to the characterization of such system or practice as "Robocalls", and denies all remaining allegations of Paragraph 13.

14.    ACT denies the allegations of Paragraph 14 of the Complaint.

15.    As to the allegations of Paragraphs 15 and 16 of the Complaint, ACT is without knowledge or information sufficient to form a belief as to what Plaintiff may have heard, denies the characterization of and term "Robocalls", and denies all remaining allegations of said Paragraphs.

16.    As to the allegations of Paragraphs 17, 18 and 19 of the Complaint, ACT denies the characterization of and term "Robocalls", and denies all remaining allegations of said Paragraphs.

17.    ACT denies the allegations of Paragraphs 20 and 21 of the Complaint.

18.    As to the allegations of Paragraph 22 of the Complaint, ACT denies any allegation or inference that it threatened garnishment.  The remaining allegations of said Paragraph constitute conclusions of law to which ACT is neither required to admit nor deny.

19.    ACT denies the allegations of Paragraphs 23 and 24 of the Complaint.

## AS TO THE ALLEGATIONS OF COUNT I

20.    Responding to the allegations of Paragraph 25 of the Complaint, ACT reasserts the responses in the previous paragraphs and incorporates the same as if restated verbatim herein.

21.    ACT denies the allegations of Paragraphs 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 of the Complaint.

## AS TO THE ALLEGATIONS OF COUNT II

22.    Responding to the allegations of Paragraph 36 of the Complaint, ACT reasserts the responses in the previous paragraphs and incorporates the same as if restated verbatim herein.

23.    ACT denies the allegations of Paragraphs 37, 38, 39, 40, 41 and 42 of the Complaint.

## AS TO THE ALLEGATIONS OF COUNT III

24.    Responding to the allegations of Paragraph 43 of the Complaint, ACT reasserts the responses in the previous paragraphs and incorporates the same as if restated verbatim herein.

25.    ACT denies the allegations of Paragraphs 44, 45, 46, 47, 48, 49 and 50 of the Complaint.

26.    ACT denies the allegations of the WHEREFORE Clause of the Complaint, denies that Plaintiff sustained any damages and denies any liability to Plaintiff.

**FOR A SECOND DEFENSE**

27.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that Plaintiff's Complaint fails to state any claim upon which relief can be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A THIRD DEFENSE**

28.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that ACT has complied with the applicable provisions of the Fair Debt Collection Practices Act and is thus entitled to each and every defense afforded to ACT by that Act.

**FOR A FOURTH DEFENSE**

29.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that ACT has complied with provisions of the Telephone Consumer Protection Act and is thus entitled to each and every defense afforded to ACT by that statute.

**FOR A FIFTH DEFENSE**

30.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that some or all of Plaintiff's claims may be barred by the applicable statutes of limitations.

**FOR A SIXTH DEFENSE**

31.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that ACT's employees acted competently and within the confines of the law at all relevant times.

**FOR A SEVENTH DEFENSE**

32.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that the Complaint fails to state a claim for punitive damages, and an award of punitive

damages in this case would or could violate the due process provisions of the United States Constitution and the referenced Acts.

## FOR AN EIGHTH DEFENSE

33.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that to the extent any violations of the referenced Acts are determined, which such violations ACT denies, such were not committed willfully or knowingly or with recklessness.

## FOR AN NINTH DEFENSE

34.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that Plaintiff has not suffered any damages or mental injury.

## FOR AN TENTH DEFENSE

35.     Further answering the Complaint, and as and for a further defense thereto, ACT alleges that discovery on the merits has not commenced in this lawsuit, and to anticipate any and all affirmative defenses that may be revealed, ACT hereby incorporates by reference all applicable defenses or matters constituting an avoidance under the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant, Account Control Technology, Inc., prays to the Court that:

1.      Plaintiff's Complaint be dismissed with prejudice;

2.      Judgment be entered in favor of Defendant;

3.      Plaintiff recover nothing from Defendant;

4.      The costs of this action be taxed against Plaintiff and that Defendant recover its costs in defending this action, including, but not limited to, attorneys' fees as allowed by law; and

5.    The Court grant Defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

s/Krista M. McGuire
Krista M. McGuire (Fed. ID No. 9337)
Email:  kristamcguire@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, SC 29401
Phone: 843-727-2650
Fax: 843-727-2680

ATTORNEY FOR DEFENDANT
ACCOUNT CONTROL TECHNOLOGY, INC.

April 2, 2013
Charleston, South Carolina